TIMOTHY M. BURGESS
United States Attorney

STEPHAN A. COLLINS
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: stephan.collins@usdoj.gov
AK # 8911061

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM EDWARD PIERS,<br><br>Defendant. | Case No. 3:00-cr-104-(HRH)<br><br>GOVERNMENT'S WRITTEN SUMMATION IN SUPPORT OF ITS OPPOSITION TO THE DEFENDANT'S MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255 |

The United States submits its written summation in opposition to William Edward Piers' motion for relief pursuant to 28 U.S.C. § 2255.  In brief, the United States submits Piers has failed to sustain his burden of meeting the two prongs set forth in *Strickland v. Washington*, 466 U.S. 668 (1984); that is, Piers has failed to

prove Rex Butler's representation fell outside the scope of competency representation and that there is a reasonable likelihood the outcome of Piers' trial would have been different if Butler had not represented him.

With one exception, the United States will rely upon its prior written opposition to the motion for the legal authorities opposing the motion as well as the more extensive and specific statement of opposition to the motion. The United States relies upon *United States v. Cruz*, 423 F.3d 1119 (9th Cir. 2005) as authority for its argument that *United States v. Booker*, 125 S.Ct 738 (2005) does not apply to Piers' case because, in accordance with *United States v. Colvin*, 204 F.3d 1221 (9th Cir. 2000), his conviction and sentence were final before the United States Supreme Court issued the *Booker* decision.

This summation will focus upon the facts and related issues that the parties developed during the course of the evidentiary hearing the court held on Piers' motion. During that hearing, Piers elected not to introduce evidence on all of the issues he originally raised in his motion. Thus, the record as it existed prior to his filing of his motion must control the resolution of these issues.

Furthermore, despite knowing he had the right to testify, Piers elected not to testify in his own behalf at the evidentiary hearing. For instance, he did not testify about his relationship with Butler; what instructions or information he

provided Butler prior to or during his trial about "Adam"; when the police supposedly committed brutality on him; why he was hiding in a swamp at the time of the crime and subsequent escape dressed as the robber; why his handgun was found in the getaway van; and why he had parts to the machine gun and a plan to rob the credit union at his house. As a result of his informed decision not to testify at his evidentiary hearing, Piers deprived the United States of an opportunity to cross examine him and likewise deprived the court of the opportunity to observe his demeanor while testifying. The court should therefore give no weight or credence to any "facts" in Piers' motion that rest upon his purported assertions. The court can justifiably conclude that Piers had no evidence to support these "factual" allegations.

      The core of Piers' focus at the evidentiary hearing was upon Butler's representation of him. First, he resurrected his previously unsuccessful argument that Butler should have withdrawn from representing him during the trial. When Piers first raised this issue prior to his trial, Piers presented no evidence that an extensive conflict between Butler and him existed. The court originally found no conflict warranting Butler's withdrawal and the Ninth Circuit likewise found no conflict that resulted in a denial of Piers of his Sixth Amendment right to counsel.

      At the evidentiary hearing on the instant motion, Piers again presented no

evidence establishing any sort of legally significant conflict between him and Butler.  Instead, he called his mother, who was not Butler's client, to testify that *she* fired Butler, a decision that was not hers to make.  She did not testify about any of her own first hand observations of the relationship between Piers and Butler.  Irrespective of any conflict or disagreement she may have had with Butler, her conflict was not Piers' conflict.

Ironically, Piers argues that if other counsel had represented him during the original hearing on the motion to allow Butler to withdraw, the evidence in support of his motion and the outcome would have been different.  Yet, he has had other counsel review the record, both on appeal and in the instant motion, and they have failed to establish any new evidence supporting a finding of extensive conflict between Piers and Butler or that the outcome of his trial would have been different.

As there was then, there is now no evidence that Piers' and Butler's relationship was marked by an extensive, irreconcilable conflict or had irretrievably broken down to a point where Piers effectively had no counsel representing his interests during the trial.  In sum, Butler was prepared to represent Piers at trial and the mere fact that he proceeded to represent Piers during the trial did not deny Piers of his Sixth Amendment right to counsel.

Piers now argues the Ninth Circuit only affirmed the court's original decision because the motion to withdraw was filed six days before the trial was set to commence. But that is not an accurate representation of the reasoning behind the Ninth Circuit's decision to affirm the district court. The Ninth Circuit concluded that the hearing the court originally held was adequate to create a sufficient bases for the court to reach an informed decision on the motion and that there was no evidence of an extensive conflict between Piers and Butler to warrant granting the motion to withdraw or to conclude that Piers' Sixth Amendment right to counsel was denied him.

Second, Piers challenges Butler's pre-trial decision not to conduct an investigation into the existence of "Adam", the mysterious red headed white boy who supposedly lived somewhere on Tudor road in Anchorage, Alaska and who skate boarded. Piers has never presented any evidence on what instructions or information that he provided Butler prior to trial that would have assisted Butler find "Adam." To this date, Piers has never given the full name for "Adam" nor where he supposedly lived nor what role "Adam" actually had in the crimes. Piers has never fully and rationally explained how Butler was going to find "Adam" or what would have happened if Butler had found an "Adam." Piers has presented no evidence that would have put "Adam" at the crime scene or established his

responsibility for any of the crimes charged. In sum, Piers has only established that Butler had no reliable leads to help him find "Adam" and that "Adam" had no role in the crimes. As the record exists, Piers has established the non-existence of "Adam." Under these facts, Butler's decision not to go looking for someone who in all likelihood did not exist or had no role in the crimes did not fall outside the scope of competent representation nor did that decision reasonably affect the outcome of the trial.

Piers likewise challenges Butler's pre-trial decision not to move for a change of venue. Yet, Piers offered no evidence that 1) a change of venue was warranted; 2) a motion for a change of venue would have succeeded; and 3) the jury selection process in his trial did not remove any possible taint from any pre-trial publicity. The record of the voir dire process undercuts his argument. It established that the jury venire had little to no prior knowledge of the case.

Finally, he challenges Butler's pre-trial decision not to move to suppress his post arrest statements. Piers, however, has failed to establish that his statements were unambiguously the product of police interrogation or coercion. At best, he has established that reasonable minds differ on whether he volunteered the statements at issue. Those same reasonable legal minds, however, could also rationally conclude these motions lacked merit or were substantially likely to fail.

Because reasonable legal minds could differ on the topic, Butler's assessment of the merits of the motions did not fall outside the scope of competent representation.

Yet, Piers argues that Butler should have nonetheless filed the motions to suppress irrespective of the merits. While that may be the practice of some attorneys, that is not the practice of all attorneys. Butler's decision not to file any motion to suppress the statements was reasonable and professional.

Furthermore, Piers has failed to establish how the introduction of his ambiguous admissions unfairly affected the jury's deliberations. The weight of the direct and circumstantial evidence against him was substantial even without these statements. The admission of these statements did not reasonably change the outcome of the trial. It is unreasonable to believe that the jury would have convicted Piers if they did not find beyond a reasonable doubt that he had committed the crimes and that they only convicted him because of these ambiguous, non-specific statements. In neither of these statements, Piers did not admit he committed or conspired to commit the robbery, or possessed a firearm with an obliterated serial number, or that he used, carried, or possessed a Norinco, let alone a machine gun, during the robbery. And because the jury acquitted Piers on one of the credit union robbery counts, it is highly improbable that his post arrest statements unduly influenced the jury's deliberations on his guilt.

At last, Piers' challenges Butler's performance during trial. Piers at first argues that Butler committed a series of incompetent errors during the course of the trial. Piers then argues that even if these errors taken individually did not constitute error, when taken as a whole, the cumulative effect of the errors amounted to ineffective assistance of counsel. While the courts recognize the cumulative effect of errors when considering an ineffective assistance of counsel claim, the United States still submits that nothing multiplied by nothing still equals nothing. The whole still depends upon the substance of its parts.

At the core of his motion, Piers complains that if Butler had been a perfect attorney during his trial, the jury *might* have acquitted him on more charges. He unreasonably assumes that effective assistance of counsel means he was entitled to be represented by perfect counsel who obtains an acquittal after a perfect trial. But the Sixth Amendment does not guarantee a defendant perfect counsel or an acquittal; rather, it only guarantees him the assistance of competent counsel. As previously argued in its opposition to Piers' motion, the United States submits that Piers has utterly failed to establish that Butler's trial decisions fell outside the scope of competence or that the results of these trial decisions unfairly relieved the government of its burden to prove Piers' guilty beyond a reasonable doubt. In the end, the jury convicted Piers because it found beyond a reasonable doubt that he

was guilty and acquitted him on the one robbery count because the government had not met its burden of proof.   Piers' assignment of error to Butler's performance had no probable effect on the jury's deliberations.

Upon review of the entire record in this matter, the court should deny Piers' motion in its entirety.  It has no merit.

RESPECTFULLY SUBMITTED this day, January 17, 2006, in Anchorage, Alaska.

TIMOTHY M. BURGESS
United States Attorney

s/Stephan A. Collins
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: stephan.collins@usdoj.gov
AK # 8911061

**CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2006
a copy of the foregoing was served
electronically:

MichaelLevineESQ@aol.com

s/ Stephan A. Collins