MICHAEL R. LEVINE, Oregon State Bar No. 93142
MATTHEW G. MCHENRY, Oregon State Bar No. 04357
Attorney At Law
400 SW Sixth Avenue, Suite 600
Portland, Oregon 97204
Phone:  (503) 546-3927
Fax:    (503) 224-3203
Email:  MichaelLevineESQ@aol.com



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>WILLIAM EDWARD PIERS,<br>Defendant. | Case No. A00-0104 CR (HRH)<br><br>MOTION TO ALLOW WRITTEN<br>OBJECTIONS TO EXCEED FIVE PAGES |

The defendant, William Piers, through his attorneys, Michael R. Levine and Matthew G. McHenry, moves the Court to allow him to exceed the five-page limit on written objections to the Honorable John D. Roberts's Recommendation Regarding Mr. Piers's Motion to Vacate Convictions and Sentences Pursuant to 28 U.S.C. § 2255. The motion is based on the following argument.

**ARGUMENT**

On April 10, 2006, the Honorable Magistrate Judge John D. Roberts issued a 70-page Recommendation Regarding Motion to Vacate (Recommendation) in the above-captioned case. The Recommendation included an order permitting written objections and responses by the parties, and further imposed a 5-page limitation on the written objections. Recommendation at 70.

1

The 70-page Recommendation contains numerous findings and conclusions that are unsupported and contradicted by the record.[1] Though undersigned counsels made every effort to limit the length of the objections, five pages is simply not enough space to both identify and refute such discrepancies. Rather than circumvent the Court's order through font and margin sizes, Mr. Piers instead respectfully moves the Court to allow the entire 18-pages of objections he has filed.[2]

The Due Process clause of the United States Constitution "guarantees criminal defendants a meaningful opportunity to present a complete defense." *Crane v. Kentucky*, 476 U.S. 683, 690 (1986). *See also Perry v. Rushen*, 713 F.2d 1447, 1450–51) (9th Cir. 1983) ("The right to present a defense is fundamental" in our system of constitutional jurisprudence). Due process of law also "comprehends . . . the right to be heard." *Fay v. Noia*, 372 U.S. 391, 427 (1963). The written objections and explanations in the attached pleading are terse, not extraneous, and necessary to fully and correctly present the evidence. To arbitrarily limit Mr. Piers's objections to five pages—particularly in light of the length of the Recommendation and the myriad issues presented by Mr. Piers's 2255 Motion—would violate Mr. Piers's due process and constitutional rights to present a complete defense and to be heard.

For the foregoing reasons, the Court should grant this motion.

Respectfully submitted this 15th day of May, 2006,

/s/ Michael R. Levine
Michael R. Levine
Attorney for William Piers

/s/ Matthew G. McHenry
Matthew G. McHenry
Attorney for William Piers

---

[1] For example, page 9 of the Recommendation states that Mary Hutchison's "testimony at the evidentiary hearing does not indicate when [she fired Mr. Butler]." However, Ms. Hutchison testified at the evidentiary hearing that she fired Mr. Butler at least as early as November of 2000. RT Evidentiary Hearing at 238. This is just one of many such incorrect factual findings.

[2] For the Court's convenience, a copy of the written objections (Defendant's Objections To Magistrate Judge Robert's Recommendation Regarding Motion To Vacate), filed separately, is attached to this motion.

2