**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>                    Plaintiff,<br>          vs.<br><br>WILLIAM  EDWARD  PIERS,<br>RAYMOND  LEE  HUBBARD, II,<br>DONALD  DOUGLAS  FRANKLIN,<br><br>                    Defendants. | A00-104 CR (HRH)<br>**3:00-cr-00104-01-HRH-JDR**<br><br>**FINAL<br>RECOMMENDATION<br>REGARDING<br>MOTION   TO   VACATE**<br><br>(Docket No. 203)<br>(William Edward Piers) |

Objections by defendant **William Piers** to the Recommendation filed

April 11, 2006 (Docket No. 258) have been reviewed by the magistrate judge.  The

government did not file a reply.  Upon due consideration of the objections and

pleadings herein the magistrate judge declines to modify the Recommendation that

the Motion to Vacate be denied. A few comments on the objections appear appropriate.

Piers objects to the denial of his opportunity to present at the evidentiary hearing an expert witness on the subject of the reasonable standard of care for a criminal defense attorney. Piers cites Ainsworth v. Calderon, 138 F.3d 787, 797 (9th Cir. 1998). In Ainsworth, the Ninth Circuit Court of Appeals found no abuse of discretion in the district court's ruling to admit expert testimony on the question of ineffective assistance of counsel. The state had contended that the district court abused its discretion. The Ainsworth court stated that "[r]egardless of whether the district court should have admitted and considered the two attorneys' sworn declarations as being merely additional argument rather than expert opinions, the state's contention goes to far." *Id.* at 791. The appellate court did not address the district court's discretion to allow or disallow the expert evidence addressing the Strickland standard as proposed by Piers.[1]

Piers persists in arguing that the magistrate judge should have recused himself after issuing a premature recommendation. Piers cites no case authority for this objection. As stated elsewhere in the record the magistrate judge issued an initial recommendation prematurely because counsel for Piers had obtained an unusually long time period to file a written summation following the evidentiary

---

[1] Strickland v. Washington, 466 U.S. 668 (1984).

hearing. In the typical habeas case before this court summation would have been made at the evidentiary hearing or shortly thereafter. The initial recommendation was withdrawn when the error was called to the court's attention. Rather than prejudice Mr. Piers the prematurely filed recommendation gave him the added benefit of addressing the arguments and issues in light of the court's magistrate judge's proposed findings of fact and conclusions of law.

Mr. Piers's arguments in support of his objections to the factual findings and legal conclusions have already been addressed in a lengthy recommendation and no further comment is deemed necessary. The Motion to Vacate is now referred to the assigned district judge for his determination.

DATED this 5th of June, 2006, at Anchorage, Alaska.

      /s/ John D. Roberts
      JOHN D. ROBERTS
      United States Magistrate Judge