IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


UNITED STATES OF AMERICA,           )
                                    )
                    Plaintiff,      )
                                    )
        vs.                         )
                                    )
WILLIAM EDWARD PIERS        (D-01) )
RAYMOND LEE HUBBARD, II     (D-02) )
        and                         )
DONALD DOUGLAS FRANKLIN, JR. (D-03) )
                                    )
                    Defendants.     )
_____)
                                    )    No. 3:00-cr-0104-HRH
This Order pertains to:             )
                                    )
WILLIAM EDWARD PIERS        (D-01) )
_____)


<u>O R D E R</u>

<u>Motion to Vacate Judgment</u>

        Defendant  William  Piers  moves  the  court  to  vacate  his
conviction  and  sentence  pursuant  to  28  U.S.C.  §  2255.[1]  The  motion
is  opposed  by  the  Government.[2]  Piers  replied.[3]  An  evidentiary
hearing  was  conducted  before  the  assigned  United  States  magistrate
judge  with  respect  to  Piers'  contentions  of  ineffective  assistance

_____

        [1]Clerk's Docket No. 203.

        [2]Clerk's Docket No. 212.

        [3]Clerk's Docket No. 216.

- 1 -

of counsel and his claim that the Government breached its duty to provide exculpatory information pursuant to Brady v. Maryland, 373 U.S. 83 (1963).   Thereafter the magistrate judge received supplemental briefing from the parties.[4]   The magistrate judge issued to the parties and filed a report and recommendation,[5] received objections on behalf of Piers,[6] and then issued and filed a final recommendation.[7]   The magistrate judge recommended that the motion to vacate be denied.

The court has now had an opportunity to review the entire record developed with respect to the instant motion.   The court has personally reviewed the transcript of the evidentiary hearing conducted before the magistrate judge.   Additionally, the court has had available and, in a considerable number of areas, has had recourse to the transcript of the trial of Mr. Piers which was conducted before the undersigned.   Having fully informed itself as to Piers' motion, the court now concludes that it must be denied.

<u>Case History</u>

Even without recourse to the trial transcript, the court has a very clear recollection of the instant case.   It is unusual for bank robbery charges to go to trial, but this one did.   It is unusual in this district for bank robberies to involve actual, physical violence to bank employees; but in this instance, Piers

---

[4]Clerk's Docket No. 249, No. 251, and No. 252.

[5]Clerk's Docket No. 253.

[6]Clerk's Docket No. 258.

[7]Clerk's Docket No. 259.

bound and gagged tellers. It is unusual for law enforcement authorities to be on the scene of a bank robbery; but in this instance, Piers, although he had inside information about bank operations, triggered at least one silent alarm that alerted authorities who were literally at the back door of the bank as Piers and his driver pulled away from the bank. Moreover, in the ensuing chase, shots were fired at the pursuing police officer, who was so shaken by the experience that he choked up in testifying about it, long after the experience. After changing vehicles and another brief chase, Piers and his driver sought to abandon their vehicle, which became entangled in a chain link fence, but were quickly surrounded and arrested.

This case was as close to one where there is not only no reasonable doubt, but rather no possible doubt as a prosecutor could ever expect to have. Piers and his driver were out of the sight of the police only briefly when they changed vehicles, but there is absolutely no doubt but that the two individuals who drove away from the bank are the same two individuals who were captured shortly after they abandoned their second vehicle.

The procedural history of this case is set forth in the initial report and recommendation of the magistrate judge.[8] Suffice it to say here that Piers was tried and convicted of conspiracy to commit armed credit union robbery in violation of 18 U.S.C. § 371 (Count I), armed credit union robbery in violation of 18 U.S.C. § 2113(a) and (d) (Count II), using a machine gun in

---

[8]Clerk's Docket No. 253 at 2-5.

relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) and (B)(ii) (Count V), and other related charges. He was acquitted as regards a further charge of attempted armed credit union robbery.

Piers appealed his conviction and sentence.  On appeal, Piers questioned the court's denial of his trial counsel's motion to withdraw made just before trial, the sufficiency of the evidence with respect to Count V, the court's jury instructions with respect to the machine gun, and sentencing for two Section 924(c) convictions based upon the same weapon.  Piers' convictions were affirmed in all respects, but the court was required on remand to merge the Section 924(c) violations because both convictions were based on the same weapon.  However, Piers' sentence on the merged weapons offense remained 360 months.  This motion to vacate proceedings, pursuant to 28 U.S.C. § 2255, followed in due course.

Objections to Magistrate Judge Proceedings

After the evidentiary hearing had been conducted, but prior to receipt of agreed-upon supplemental briefing, the United States magistrate judge inadvertently and prematurely released his proposed recommendation on Piers' motion to vacate.[9]  When the error was called to the magistrate judge's attention, the report was withdrawn, the supplemental briefing received, and the report and recommendation first mentioned above was served and filed.  In response to that report and recommendation, Piers contends that the

---

[9]    Clerk's Docket No. 244.

magistrate judge should have recused himself because of the premature release of a recommendation.[10]

The court perceives no basis for requiring recusal by the magistrate judge. It is entirely clear that the first report and recommendation was released inadvertently, but that does not by any measure establish bias, prejudice, or other cause for recusal. In fact, that occurrence probably gave Piers an opportunity that he would not ordinarily have – of knowing what the magistrate judge thought of his motion – which would make it possible for Piers' supplemental briefing to address directly the magistrate judge's preliminary views of the motion to vacate.

The foregoing objection is without merit.

Second, Piers objects to the magistrate judge's report and recommendation because the magistrate judge declined to receive testimony from an expert witness on the subject of trial counsel's alleged ineffective assistance. The authorities that Piers argues are inapposite. Ainsworth v. Calderon, 138 F.3d 787, 797 (9th Cir., 1998), upon which Piers relies, does not address the question of a court's discretion to allow or disallow expert evidence with respect to the performance standards placed upon trial counsel by Strickland v. Washington, 466 U.S. 668 (1984). Piers fails to discuss the role of Rule 702, Federal Rules of Evidence, in a court's determination of whether or not to receive expert testimony. However, the evidentiary record suggests that Piers' expert witness was prepared to offer testimony with respect to

---

[10]Clerk's Docket No. 258 at 3.

applicable, objective standards of reasonableness with respect to an attorney's performance at trial and to evaluate trial counsel's conduct.[11]

While the court does not rule out the possibility of receiving attorney testimony as to applicable objective standards,[12] the court is of the view that the applicable objective standards to which counsel must adhere can be suitably ascertained by the court from experience and case precedent.  Here, we do not deal with subjects as to which the court has neither training nor experience such as medical practice or generally accepted accounting practices.  The adequacy of legal representation is a matter with which the court regularly and often deals.  The court does not perceive that expert testimony was needed or would have been particularly useful in this case.  Expert testimony is admissible where it will "assist the trier of fact to understand the evidence or determine a fact in issue[.]"  Fed. R. Evid. 702.  Here, there is little disagreement about the facts.  Piers did not testify at the evidentiary hearing. Rather, the disagreement about trial counsel's performance flows from the arguments of Piers' present counsel about trial counsel's performance.  Thus the court has in substance only trial counsel's own view of his performance and argument from the other side. Under these circumstances, it was within the magistrate judge's discretion to refuse the proffered expert testimony.

---

[11]Tr. at 245-56, Clerk's Docket No. 243.

[12]Such testimony would appear to constitute "specialized knowledge" within the ambit of Rule 702.

- 6 -

The court concurs in the magistrate judge's decision to decline to receive Piers' proffered expert testimony.

### Grounds for Relief

Piers' motion to vacate asserts grounds for relief that fall into two general categories:

(1) claims of ineffective assistance by both trial counsel and appellate counsel; and

(2) two other issues:

    (a) the district court's failure to <u>sua sponte</u> substitute counsel for argument of appointed counsel's motion to withdraw;

    (b) a "<u>Brady</u>" violation based upon an alleged failure of the Government to disclose part of a plea agreement with co-defendant Hubbard, and a further "<u>Brady</u>" violation having to do with the existence of a person named "Adam".

The court will take up first the "other" issues, followed by discussion of the ineffective assistance of counsel issues that are the centerpiece of Piers' motion to vacate.

### Other Issues

<u>Failure to Substitute Counsel</u>.[13] Piers faults the district court for not having <u>sua sponte</u> appointed separate counsel for Piers to argue trial counsel's motion to withdraw. The details underlying this issue are set forth by the Ninth Circuit Court of

---

[13]This matter was addressed by the magistrate judge at Clerk's Docket No. 253 at 26-27.

Appeals which evaluated this court's decision to deny trial counsel's motion to withdraw that was made just prior to trial. United States v. Franklin, 321 F.3d 1231, 1237-38 (9th Cir. 2003). The circuit court concluded that:

> Piers has not demonstrated that an extensive conflict existed with Butler. The main source of Piers' dispute with Butler centered around defense and litigation tactics. While the district court emphasized Butler's competence when ruling on the motion, it also viewed the conflict as one related to "defense tactics." "Litigation tactics are decisions generally left to defense counsel." Considering the context of the dispute, and weighing the three relevant factors, we conclude that the district court did not abuse its discretion in this case.

Id. at 1239 (internal citation omitted). Indeed, the district court did not perceive that there were any significant conflicts of interest between trial counsel and Piers. Had the court believed there was a serious conflict, it would certainly have considered the appointment of separate counsel; but, under the circumstances, that action (which surely would have disrupted the trial calendar for the case) was not taken.

The court concludes that it was under no obligation to sua sponte appoint separate counsel to argue Piers' trial counsel's motion to withdraw. The motion to vacate based on the failure to substitute counsel is denied.

"Brady" Violations. Piers alleges that the Government violated the requirements of Brady v. Maryland, 373 U.S. 83 (1963), by withholding from the defense a part of co-defendant Hubbard's plea agreement by which the Government promised that it would not investigate Hubbard's sister. Piers also accuses the Government of

withholding exculpatory information with respect to an unidentified person, referred to as "Adam" throughout these proceedings. The magistrate judge has found that Piers produced no evidence to support either of these contentions;[14] and, on the basis of its review of the evidentiary hearing transcript, the court so finds also.

The motion to vacate based on <u>Brady</u> claims is denied.

Ineffective Assistance of Counsel

The court turns now to the centerpiece of Piers' motion to vacate: claims that both his trial counsel and sentencing and appeal counsel failed to provide the requisite level of legal assistance. The court turns first to claims that the performance of trial counsel was inadequate.

Standard for Ineffective Assistance of Counsel. Claims of ineffective assistance of counsel are governed by <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). As discussed in more detail by the magistrate judge in his recommendation,[15] a claim of ineffective assistance is established by showing that counsel's performance was "so deficient that it fell below an 'objective standard of reasonableness.'" <u>Silva v. Woodford</u>, 279 F.3d 825, 836 (9th Cir. 2002) (quoting <u>Strickland</u>, 466 U.S. at 688). Prejudice must also be demonstrated. <u>Strickland</u>, 466 U.S. at 693. Judicial scrutiny is "highly deferential" and the court must endeavor "to eliminate

---

[14]This subject is addressed in the magistrate judge's initial report and recommendation at 27-29, Clerk's Docket No. 253.

[15]<u>Id.</u> at 6-8.

the distorting effects of hindsight ... and to evaluate the conduct from counsel's perspective at the time." _Id._ at 689. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" _Id._ In this regard, the court adopts the magistrate judge's more expansive discussion of the standard for demonstrating ineffective assistance of counsel, including that discussion which addresses specifically ineffective assistance claims against appeals counsel.[16]

<u>Factual Findings</u>

The report of the magistrate judge contains an extensive recitation of what took place at the evidentiary hearing conducted with respect to Piers' motion to vacate. The court adopts those findings[17] and incorporates them into this order for purposes of convenience. However, the court has also relied heavily upon its own review of the transcript of the evidentiary hearing in evaluating Piers' claims of ineffective assistance of counsel, and has, where deemed appropriate, supplemented the magistrate judge's summary of the results of the evidentiary hearing.

However, one matter(already mentioned by the court) is worthy of repetition here. Although Piers, as the moving party, has the burden of proof (<u>Strickland</u>, 466 U.S. at 687) with respect to his claims of ineffective assistance of counsel, he did not testify at the evidentiary hearing. As a consequence, the court is left with precious little more than trial counsel's testimony as regards his

---

[16]<u>Id.</u> at 8.

[17]<u>Id.</u> at 9-17.

own performance as the basis for fact-finding about that performance.

Ineffective Assistance of Trial Counsel

Piers moves to vacate his conviction and judgment based upon multiple allegations of ineffective assistance of his trial counsel. The court addresses in roughly chronological order Piers' many allegations of ineffective assistance.

Motion to Withdraw.[18]  Piers challenged the district court's handling of trial counsel's motion to withdraw in his direct appeal; and, as discussed above, the circuit court affirmed this court's denial of the motion to withdraw. The evidentiary hearing did not develop any new evidence that would cast doubt upon the court's decision to deny trial counsel's motion to withdraw. What now remains are questions of whether or not trial counsel rendered ineffective assistance in his actual representation of Piers in the trial of his case.

Failure to Investigate.  Piers contends that he was ineffectively assisted by counsel for the reason that trial counsel did not sufficiently investigate the possibility that "Adam" was both the person who entered and robbed the credit union and the shooter. In general, the court adopts the magistrate judge's

---

[18]The recommendation of the magistrate judge commences its discussion of the allegations of ineffective assistance made by Piers with respect to trial counsel with an extensive review of the district court's handling of trial counsel's motion to withdraw. Initial Report and Recommendation at 29-40, Clerk's Docket No. 253. The court has no disagreement with the magistrate judge's foregoing presentation and incorporates the same herein to the extent that it may provide readers with relevant background to what is at issue now.

discussion of this issue.[19]   On the basis of its review of the
testimony taken at the evidentiary hearing, as well as its
knowledge of the trial of this case, the court finds that trial
counsel's investigation of the possible involvement of "Adam" was
adequate.   Trial counsel made the appropriate inquiries.   Piers,
whom the evidence suggests must have known "Adam," never came
forward before trial nor during the evidentiary hearing with any
information as to who "Adam" was or where he might be located.
Moreover, the court concurs in the magistrate judge's conclusion
that Piers has not demonstrated any prejudice for purposes of the
Strickland analysis.   The evidence was overwhelming that Piers was
the person who entered the credit union, robbed it, escaped in a
van parked behind the credit union, and shot at a pursuing police
officer, only to be apprehended shortly thereafter in a second
getaway car amidst all sorts of indicia of his direct involvement
in the crime.

     Failure to move to suppress.   Piers contends that trial
counsel rendered ineffective assistance by failing to move to
suppress Piers' post-arrest statement to Officer Bloodgood.   The
court adopts the magistrate judge's discussion of this issue.[20]   The
court concludes, as did the magistrate judge, that a motion to
suppress in this instance would have been futile.   An attorney does
not render ineffective assistance by failing to make a motion that

---

     [19]Initial Report and Recommendation at 40-45, Clerk's Docket
No. 253.

     [20]Id. at 45-47.

he reasonably believes to be meritless.  <u>Lowry v. Lewis</u>, 21 F.3d 344, 346 (9th Cir.), <u>cert. denied</u>, 513 U.S. 1001 (1994).  Here also, there has been no showing of prejudice for <u>Strickland</u> analysis purposes.

<u>Change of Venue</u>.  Piers contends that trial counsel provided ineffective assistance when he did not move for a change of venue. The court adopts the magistrate judge's discussion of this issue.[21] Piers has made no showing that there was the kind of intense, lengthy, and/or accusatory publicity about the credit union robbery either at the time of Piers' arrest or in close proximity to the time of trial.  Defendant has made no showing that trial of this case was preceded by the kind of publicity, "'saturated with prejudicial and inflammatory media publicity about the crime,'" which can render a trial unfair.  <u>United States v. Collins</u>, 109 F.3d 1413, 1416 (9th Cir. 1997) (quoting <u>Harris v. Pulley</u>, 885 F.2d 1354, 1361 (9th Cir. 1988).

Piers has not demonstrated that a motion for change of venue would have had any reasonable possibility of success.  Moreover, in examining the transcript of jury selection in this case,[22] the court is satisfied that there was no prejudice to Piers.  The jury panel was specifically questioned about pretrial publicity[23] as well as any juror connections with the credit union that was robbed.[24]  The

---

[21]<u>Id.</u> at 49-50.

[22]Tr. 1 at 13-116, Clerk's Docket No. 131.

[23]<u>Id.</u> at 22-39 and 73-81.

[24]<u>Id.</u> at 22-39.

court concludes that trial counsel's decision not to file a motion for change of venue did not constitute ineffective assistance, nor has there been any showing of prejudice flowing from the motion not being filed.

Opening Statement.  Trial counsel for Piers elected not to make an opening statement following that of the Government; and, after completion of the Government's case, again opted not to make an opening statement.  Also, Piers wanted a statement that he had written read into the record as an opening statement, and trial counsel advised against doing so.  The court adopts the magistrate judge's discussion of this subject.[25]  The decision when and whether to make an opening statement is a classic example of the kind of strategic, tactical decision that falls within the sound discretion of counsel.  United States v. Rodriguez-Ramirez, 777 F.2d 454, 458 (9th Cir. 1985).  Piers has not advanced any persuasive reason why the court should find trial counsel's decision not to make an opening statement to have been ineffective assistance.  Contrary to what Piers suggests, trial counsel did not assure the jury that he would be making an opening statement sometime.  Piers has shown neither ineffective assistance nor prejudice for purposes of the Strickland analysis.

Failure to Object to Evidence.  Piers contends that trial counsel rendered ineffective assistance when he failed to object to testimony describing the commotion that resulted from efforts of

---

[25]Initial Report and Recommendation at 51-52, Clerk's Docket No. 253.

police officers to seal off a considerable area surrounding the credit union robbery site, which area happened to be in close proximity to a school. The court adopts the magistrate judge's discussion of this issue.[26]  Based upon its review of both the evidentiary hearing transcript and trial testimony, the court finds that the testimony in question was by no means inflammatory. It was presented in an unobjectionable fashion as a part of law enforcement's description of the circumstances leading to Piers' arrest. Here, too, there has been no showing of inadequate performance by trial counsel, nor prejudice for purposes of the Strickland analysis.

Piers also contends that trial counsel provided ineffective assistance by not objecting to the introduction of phony CIA identification badges and documents bearing the names of Piers and a co-defendant. The court adopts the magistrate judge's discussion of this issue.[27]  The CIA identification badges were probably of little, if any, relevance. The documents bearing the names of Piers and the co-defendant were relevant because they tended to support the involvement of both Piers and the co-defendant in a conspiracy to commit bank robbery. Where there are close questions as to relevancy, trial counsel are entitled to considerable latitude in deciding whether or not to object and risk drawing greater attention to certain evidence by losing the objection, as

---

[26]Id. at 48-49.

[27]Id. at 53.

opposed to remaining silent and having the evidence in question fade into the background.

Piers has not demonstrated ineffective assistance flowing from trial counsel's decisions on objections, nor has he demonstrated any unfair prejudice for <u>Strickland</u> purposes.

<u>Testimony of Steven Payne</u>.    Law enforcement seized Piers' computer and transferred data therefrom to 28 compact discs.    Out of the presence of the jury, the court ruled that the Government might present only certain evidence from those discs.    Piers now contends that trial counsel provided ineffective assistance because he did not object when the Government's forensic expert testified to having transferred material from Piers' computer onto 28 discs. The court adopts the magistrate judge's discussion of this issue.[28] As observed by the magistrate judge, the court did not expressly preclude the Government from offering testimony as to the quantity of material transferred from Piers' computer onto discs.    Thus trial counsel was not confronted with a situation of the Government going outside the court's ruling as regards the testimony in question.    Rather, this is another instance of testimony of only marginal relevance, as to which an objection might or might not have been sustained.    Trial counsel is entitled to considerable latitude in deciding whether or not to object to such testimony.

Piers has not demonstrated that the failure to object to mention of the 28 discs amounted to ineffective assistance, nor has

---

[28]<u>Id.</u> at 53-54.

he shown prejudice from that testimony for purposes of the Strickland analysis.

Use of Mannequin.  Following Piers' arrest, law enforcement officers gathered up at the scene, among other things, a number of items of clothing that were shown to be of the type worn by the bank robber.  They were not found in one place; but for purposes of trial, were placed upon a mannequin and displayed to the jury.  Piers contends that trial counsel rendered ineffective assistance by failing to object to the Government's use of a mannequin, displaying the items collectively.  The court adopts the magistrate judge's discussion of this issue.[29]

The jury was not in any way misled by the Government's use of a mannequin.  It is quite improbable that an objection to use of the mannequin would have been sustained.  Placing all of the clothing found at the scene together on the mannequin would properly assist the jury in evaluating testimony about the robber's appearance.  Piers advances no authority suggesting otherwise, and the court perceives no unfair prejudice whatever from the Government's display of clothing items – all of which were separately admissible – on a mannequin.

The court perceives neither fault on the part of trial counsel nor prejudice for purposes of the Strickland analysis.

Cross-Examination of Reeder.  Reeder was the police officer who was shot at by the bank robber.  He testified that he believed the shooter had a goatee and was wearing a faded Carhartt jacket.

_____

[29]Id. at 55.

Piers argues that this description fit the getaway car driver, not Piers. The court assumes, for purposes of this discussion, that Piers is correct in his view of Reeder's description of the shooter. Piers faults trial counsel for not cross-examining Reeder beyond obtaining a statement that he (Reeder) never actually saw the person who fired at his patrol car. The court adopts the magistrate judge's discussion of this issue.[30]

This is another example of the type of matter which must by and large be left to the discretion and intuition of trial counsel. The examination of Reeder, as far as it went and viewed in isolation, raised some uncertainty as to who the shooter was. This is one of those occasions where pressing on with vigorous cross-examination could have been very dangerous, for it might have propelled Reeder into recalling and relating further information that would significantly undercut the potentially helpful statements that he had made.

Piers has not demonstrated that trial counsel's decision as to how to cross-examine Officer Reeder amounted to ineffective assistance for purposes of Strickland. Indeed, pressing on in this instance rather than stopping might have been the cause of prejudice to Piers' case even though doing so would, in the view of the court, also have been within counsel's appropriate discretion as regards how best to defend Piers.

Cross-examination of Shem. The rifle that was used to shoot at Officer Reeder from the rear of the bank robbers' escape vehicle

---

[30]Id. at 56-57.

was originally manufactured as a Norinco semiautomatic assault rifle. Shem testified that the rifle had been modified to allow it to be fired either as a semiautomatic or as a full automatic. Piers argues that trial counsel provided ineffective assistance in his cross-examination of Shem because he did not inquire whether the rifle, as fired, was in the automatic or semiautomatic mode.

The court adopts the magistrate judge's discussion of this issue.[31] The question that Piers would have had trial counsel ask on cross-examination could easily have proven dangerous. Piers posits that Shem would have been uncertain about whether the rifle was fired as an automatic or semiautomatic. That is not necessarily so. It strikes the court as entirely possible, if not probable, that Shem, as an expert witness, would have responded: "Of course Piers would have known. He could tell by the sound and the action of the rifle whether it was or was not firing in the automatic or semiautomatic mode." Trial counsel's decision not to make such an inquiry was a prudent decision, not an incompetent decision.

The extent of cross-examination is properly left to trial counsel's sound discretion, which was not abused in this instance. There is no fault here for purposes of the Strickland analysis.

Jury Instruction about Weapon. Piers contends that trial counsel rendered ineffective assistance because he did not request a jury instruction requiring that the jury find beyond a reasonable doubt that Piers knew that the modified Norinco weapon could be

---

[31]Id. at 57-58.

operated as automatic.  The court adopts the magistrate judge's discussion of this issue.[32]

The court is somewhat mystified by Piers' argument with respect to its jury instruction detailing the elements of the crime charged in Count V (use or possession of a machine gun).  The court's instruction as given told the jurors that as a second element, they must find beyond a reasonable doubt that:

> The defendant <u>knowingly</u> used or carried a machine gun during and in relation to the crime charged in Count 2 or <u>knowingly</u> possessed a machine gun in furtherance of the crime charged in Count 2, with all of you agreeing as to which alternate has been proved.[[33]] [Emphasis supplied.]

Thus, the trial jury was in fact given the instruction that Piers now contends trial counsel should have requested but did not.  Piers has not demonstrated that trial counsel failed to request an instruction that should have been given as regards Count V but was not given.

<u>Character Witnesses</u>.  Trial counsel was provided in advance of trial information about the potential character witnesses who could testify on Piers' behalf.  Trial counsel decided not to call any such witnesses.  Piers contends that trial counsel provided ineffective assistance by not calling character witnesses.  The court adopts the magistrate judge's discussion of this issue.[34]

---

[32]Initial Report and Recommendation at 58-61, Clerk's Docket No. 253.

[33]Tr. 5 at 75, lns. 14-18, Clerk's Docket No. 135.

[34]Initial Report and Recommendation at 61-62, Clerk's Docket No. 253.

The decision of whether or not to call character witnesses is another matter falling within the sound discretion of trial counsel. It is clear from the evidentiary hearing that trial counsel considered calling character witnesses, but determined for strategic reasons (because calling character witnesses would put Piers' character in issue and thereby open opportunities for the Government) not to call any character witnesses.

There was no ineffective assistance in trial counsel's decision not to call character witnesses for purposes of the Strickland analysis.

Defendant Not Testifying. Piers argues that he had a strong desire to testify and that trial counsel refused to allow him to testify. The court adopts the magistrate judge's discussion of this issue.[35]

Piers has offered no evidence whatever in support of this contention. Trial counsel for the Government and Piers addressed this issue in open court out of the presence of the jury and in Piers' presence. Piers' counsel represented that he had recommended against Piers taking the stand.[36] Piers did not disagree.

The Government's case against Piers was so extensive and so solid that it is highly probable that Piers would only have helped to convict himself had he taken the stand. Under the

---

[35]Id. at 62-63.

[36]Tr. 4 at 113, lns. 2-7, Clerk's Docket No. 134; see also Evidentiary Hearing Transcript at 188-89, Clerk's Docket No. 242.

circumstances, Piers would either have appeared to fabricate and/or lie on the one hand or, on the other hand, would have made damaging concessions.  Piers has not established that, at the time of trial, he was insistent upon testifying, nor has he demonstrated that trial counsel's advice that he not testify was imprudent.  Piers has not come forward with evidence which, had it been presented at trial, would have likely led to a different result.

Piers has not established either ineffective assistance or prejudice for purposes of the <u>Strickland</u> analysis.

<u>Voice Evidence</u>.  Piers contends that his trial counsel's decision not to offer evidence of a distinctive voice constituted ineffective assistance.  The court adopts the magistrate judge's discussion of this issue.[37]

Piers has come forward with no evidence suggesting that at the time of trial voice evidence which would have helped his case could have been developed.  Indeed, it is doubtful that such testimony would have passed muster under Rule 702, Federal Rules of Evidence.  Unlike fingerprint evidence which has long been used and was employed in this case to place Piers in the getaway van, use of voice comparison evidence has been rejected by this court (in the <u>Exxon Valdez</u> litigation) because it did not meet the standards of Rule 702.

---

[37]Initial Report and Recommendation at 64, Clerk's Docket No. 253.

The court concludes that the failure to offer voice evidence in this case was not ineffective assistance for purposes of Strickland.

Jury Instructions / Witness Believability. Piers argues that trial counsel provided ineffective assistance because the jury was not instructed to view the testimony of the co-defendant, getaway driver's testimony with distrust. The jury was instructed that it "should consider this witness' testimony with great caution, giving it the weight you feel it deserves."[38]  On direct appeal, the court's jury instructions on the foregoing subject were taken up. The court of appeals expressly found that:

> Given the instructions as a whole, the district court did not abuse its discretion by refusing to further instruct the jury that [the van driver] was an accomplice of Piers and that [the jury] "should consider [the van driver's] testimony with greater caution than that of other witnesses." The district court accomplished the same objective with the instructions provided.

Franklin, 321 F.3d at 1241.

Piers of course had an opportunity to make on direct appeal the argument that he makes now. Judging from the circuit court's above quoted holding, the present argument or one very much like it was made and rejected. Assuming that Piers' present argument was not made on appeal, the court acknowledges that there may be some slight difference between telling the jury that testimony should be viewed with "great caution" as opposed to "with distrust." The latter may be marginally stronger. Piers has come forward with no authority suggesting that it was error to choose the instruction

---

[38]Tr. 5 at 65, lns. 2-3, Clerk's Docket No. 135.

given as opposed to what Piers would now have had his trial counsel propose.

The court concludes that trial counsel did not provide ineffective assistance by not arguing for or taking exception to the court's choice of instructions that did not include the "with distrust" formulation.  The court perceives no plausible argument that a different result would have ensued had the court told the jury to view the van driver's testimony with distrust rather than telling them to view it with great caution.

Motion for Judgment of Acquittal.  Piers argues that trial counsel should have moved for judgment of acquittal pursuant to Rule 29, Federal Rules of Criminal Procedure.  The focus of the argument is that counsel should have sought a judgment of dismissal based upon the sufficiency of evidence as to the identity of the defendant who shot at officer Reeder.  The court adopts the magistrate judge's discussion of this issue.[39]

In considering a motion for judgment of acquittal under Rule 29, the court must view the evidence in the light most favorable to the Government.  Taking that view of the evidence, a motion for judgment of acquittal in this case would have been a total waste of time.  There was both physical evidence (fingerprints) and testimonial evidence (testimony from the van driver) that it was Piers who was shooting at Officer Reeder.

---

[39]Initial Report and Recommendation at 65, Clerk's Docket No. 253.

It is not ineffective assistance for counsel to recognize that a Rule 29 motion would be hopeless on the facts of this case. Piers has demonstrated neither ineffective assistance nor prejudice for purposes of the Strickland analysis.

Overall Defense Strategy.  Piers contends that trial counsel failed to develop a coherent theory of defense.  The court adopts the magistrate judge's discussion of this issue.[40]

At the evidentiary hearing, trial counsel explained his theory of defending the case.  There is no countervailing evidence.  Trial counsel's approach to the case has not been shown to have been deficient in any respect.  The strength of the Government's case left defense counsel very little maneuvering room within which to operate.  Trial counsel prudently chose to focus attention upon the most serious charge – using or possessing a machine gun.

In the context of the foregoing argument, Piers also faults trial counsel for not having made various arguments in closing and for conceding guilt on the conspiracy counts.  Trial counsel's decision as to how best to argue the case is a tactical one.  Piers has not demonstrated that trial counsel's closing argument was so ineffectual or unfocused as to amount to ineffective assistance. As regards the alleged confession with respect to conspiracy counts, Piers overstates trial counsel's position.  Trial counsel did not admit guilt for Piers as to both conspiracy counts. Rather, he said, "[y]es, ladies and gentlemen, my client was

---

[40]Id. at 66-67.

involved in a conspiracy to take money from Credit Union 1 Dimond branch."[41]

The court concludes that Piers has failed to show that his attorney made a tactical error here that was so serious that it had the effect of depriving Piers of constitutionally guaranteed counsel. An attorney may constitutionally acknowledge before the jury his client's shortcomings in order to build credibility with the jury and persuade it to focus on the relevant issues in the case. See Yarborough v. Gentry, 540 U.S. 1, 11 (2003). This is not a case where counsel conceded guilt as to the only important matter before the jury. Rather, trial counsel conceded what the Government had proved, beyond any possible doubt, in the rational, tactical hope of focusing the jury's attention upon the more serious charge of possessing or using a machine gun.

Neither the decision to concede a conspiracy nor trial counsel's overall trial strategy amounted to ineffective assistance, nor has Piers demonstrated prejudice for purposes of the Strickland analysis.

The motion to vacate based upon allegations of ineffective assistance by trial counsel is denied.

Ineffective Assistance of
Sentencing and Appeal Counsel

Piers was represented by new counsel for sentencing and on appeal. Piers alleges that his new attorney also provided ineffective assistance both at sentencing and on appeal. With some

---

[41]Tr. 5 at 33, lns. 17-18, Clerk's Docket No. 135.

variation in detail discussed by the magistrate judge,[42] <u>Strickland</u> has equal application to appeal counsel.

<u>Apprendi Violation</u>.    Based upon <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), Piers contends that new counsel representing him at sentencing failed to provide effective assistance by not arguing against certain sentencing factors found by the court (not a jury).    The report and recommendation of the magistrate judge addresses this issue at length.[43]

Piers was first sentenced on August 10, 2001.[44]  An amended judgment was entered as a consequence of the Ninth Circuit Court appeal on May 12, 2003.[45]  It was not until <u>Blakely v. Washington</u>, 542 U.S. 296, 303-04 (2004), that the Supreme Court first signaled that "the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose <u>without</u> any additional findings."  It was of course still later in 2004 that the Ninth Circuit Court of Appeals, in <u>United States v. Ameline</u>, 376 F.3d 967, 974 (9th Cir. 2004), held that <u>Blakely</u> applied to United States Sentencing Commission guidelines.  Thus, as concluded by the magistrate judge, at the time of imposition of sentence on Piers, <u>Apprendi</u> did not apply to the United States Sentencing Commission guidelines.  Accordingly, there is no <u>Apprendi</u> or other like error in sentencing in this

---

[42]Initial Report and Recommendation at 8, Clerk's Docket No. 253.

[43]<u>Id.</u> at 17-21.

[44]Clerk's Docket No. 147.

[45]Clerk's Docket No. 188.

case. It necessarily follows that there was no ineffective assistance of counsel in the foregoing regard on the part of counsel representing Piers at sentencing. As the magistrate judge observed, <u>Strickland</u> does not require that counsel be clairvoyant.

Piers also contends that his appellate counsel provided ineffective assistance for failure to raise the <u>Apprendi</u> issue. Piers' direct appeal was briefed prior to January 2003, and was argued to the Ninth Circuit Court of Appeals on January 6, 2003. The circuit decision was rendered on March 17, 2003. For the same reason that sentencing counsel was not required to anticipate <u>Blakely</u> and <u>Ameline</u>, counsel taking a direct appeal in 2003 was not required to anticipate the <u>Blakely</u> and <u>Ameline</u> decisions of 2004. Therefore, appellate counsel did not provide ineffective assistance to Piers when <u>Apprendi</u> was not raised before the circuit court.

Piers makes a second ineffective assistance of counsel contention with respect to new counsel who assisted him at sentencing. Piers contends that counsel failed to argue for downward departures.

In what is perhaps the most bizarre argument made in support of the instant motion to vacate, it is contended that sentencing counsel should have sought a downward departure based upon a showing of compassion for the life of a bank teller whom Piers had tied up because Piers had taped just her mouth instead of taping her nose and mouth such that she would have suffocated. Following this preposterous argument to its logical conclusion, the magistrate judge appropriately asked the rhetorical question:

"[s]hould [counsel] have argued for a downward departure because Piers did not shoot the teller?"[46]  Piers' argument is insensitive at best.   Not surprisingly, Piers makes no reference to any guideline or other authority that would support the proposition that a defendant who "refrains" from causing greater injury to a victim should receive a downward adjustment of his guideline offense level.  Counsel's "failure" to make the foregoing argument was most certainly not ineffective assistance.

Piers also contends that his appeal counsel rendered ineffective assistance because he did not present to the Ninth Circuit Court of Appeals an argument that his trial counsel had an irreconcilable conflict and should have been relieved.   The recommendation of the magistrate judge discusses this subject at some length,[47] and concludes that Piers' evidence does not support the kind of conflict which he claims to have existed between him and trial counsel.   The magistrate judge concludes there was no ineffective assistance of counsel.  The court adopts the magistrate judge's analysis, but would take it one step further.  As quoted hereinabove at length, the circuit court, in deciding Piers' direct appeal (under the heading "substitution of counsel / extent of conflict"), expressly dealt with the contention now being made. The court held that Piers had not demonstrated the existence of an

---

[46]Initial Report and Recommendation at 21-22, Clerk's Docket No. 253.

[47]Id. at 22-24.

"extensive conflict" with trial counsel.  <u>Franklin</u>, 321 F.3d at 1239.

This court views the foregoing holding as dispositive of the present issue.  The circuit court expressly determined that there was no irreconcilable conflict between trial counsel and Piers.  Thus, what Piers now argues his appeal attorney failed to do was in fact raised to the court of appeals and was decided.  The present claim of ineffective assistance by appeal counsel is without merit.

Finally, Piers contends that appellate counsel rendered ineffective assistance when he failed to raise on direct appeal trial counsel's alleged concession of guilt on two conspiracy counts.  As discussed above, trial counsel did not expressly confess guilt as to both conspiracies.  He conceded that Piers was "involved in a conspiracy[.]"[48]  The court has concluded that this was a tactical decision which trial counsel could properly make in this case.

For similar tactical reasons, appellate counsel could prudently determine not to question trial counsel's tactical decision about conceding one count in order to concentrate on more likely prospects for reversal on appeal.  Appeal counsel did not provide ineffective assistance by his separate decision to not question trial counsel's tactical decision.

Of equal importance here is the fact that this argument, like others, focuses only upon a claimed lapse on the part of counsel and ignores the obligation to demonstrate prejudice.  The

---

[48]Tr. 5 at 33, lns. 17-18, Clerk's Docket No. 135.

Government's evidence of Piers' involvement in a conspiracy to commit bank robbery was overwhelming. On the facts put before the trial jury, there was, in the opinion of the court, no possibility whatever of Piers avoiding a conviction on the conspiracy to commit credit union robbery charge. Piers has not been prejudiced by appeal counsel's tactical decision. Moreover, as the magistrate judge points out, the issue of trial counsel's confession as to Count I was a tactical decision susceptible to review on motion to vacate, and that review has taken place above. Hence, there was no prejudice if the issue was not raised on appeal.

The motion to vacate based upon allegations of ineffective assistance by sentencing and appeal counsel is denied.

<u>Conclusion</u>

Piers has not demonstrated that the performance of trial, sentencing, or appeal counsel fell below the standard demanded by <u>Strickland</u>, nor has he demonstrated prejudice for purposes of <u>Strickland</u>. As to the other issues raised by Piers, he has not demonstrated a constitutional, statutory, or other legal ground for avoiding the convictions and sentence for conspiracy to commit armed credit union robbery, armed credit union robbery, or using or carrying a machine gun during and in relation to a crime of violence.

Piers' motion to vacate is denied.

DATED at Anchorage, Alaska, this <u>15th</u> day of November, 2006.

/s/ H. Russel Holland
United States District Judge

- 31 -