Michael R. Levine
400 S.W. Sixth Avenue
Suite 600
Portland, Oregon 97204
Phone: 503-546-3927
Attorney for William Piers
E-mail: MichaelLevineesq@aol.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br>vs.<br><br>WILLIAM PIERS ,<br>        Defendant. | CASE 3:00-cr-0104-(HRH)<br><br>MOTION FOR CERTIFICATE OF APPEALABILITY |

Having filed a notice of appeal to the Ninth Circuit from the district court's order denying his motion to vacate his convictions under 28 U.S.C. § 2255, and his motion to reconsider that denial, William Piers, through his attorney Michael R. Levine, moves the court for a Certificate of Appealability ("COA") on the issues set forth below.

**MEMORANDUM IN SUPPORT OF MOTION**

The standard for granting a COA "is relatively low." *Jennings v. Woodford,* 290 F.3d 1006, 1010 (9th Cir.2002) (citing *Slack v. McDaniel,* 529 U.S. 473, 483(2000)); *see Beardslee v. Brown*, 393 F.3d 899, 901-902 (2004) ("we conclude Beardslee has satisfied the relatively low standard for the issuance of a COA").  "Obviously the petitioner need not show that he should prevail on the merits.  He has already failed in that endeavor." *Barefoot v. Estelle*, 463 U.S. 660, 893 n. 4 (1983).  Thus, the granting of a COA "is not an adjudication of the actual merits of petitioner's claims. *Beardslee*, 393 F.3d at 901-902.  Indeed, "this threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it." *Id.*

In order to obtain a COA, the petitioner must show only "that reasonable jurists

1

could debate whether the petition should have been resolved differently or that the issues presented deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Jennings* 290 F.3d at 1010. Importantly, "a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, the petition will not prevail." *Smith v. Dretke*, 422 F.3d 269, 273 (5th Cir. 2005). The court "must resolve doubts about the propriety of a COA in the petitioner's favor." *Jennings*, 290 F.3d at 1010.

Based on the foregoing, the records in this case, and the evidentiary hearing, the defendant requests a COA on each of the following issues:

A. Whether the defendant's trial counsel, Rex Butler, provided ineffective assistance under the Sixth Amendment for the following errors taken singly or cumulatively:

> 1. By not filing a timely motion to withdraw from the case but instead waiting until six days before trial to file the motion even though Mr. Piers and his mother had been insisting that he withdraw from the case months before the trial;
>
> 2. By not effectively arguing the motion to be relieved and substitute new counsel, and failing to sufficiently alert the district court to the extent of the conflict that existed between him and Piers;
>
> 3. By breaching his duty of loyalty and zealous advocacy by continuing to represent Mr. Piers at the hearing on the Motion to Withdraw despite having an actual conflict of interest;
>
> 4. By failing to adequately investigate Mr. Piers's claim that an uncharged member of the alleged conspiracy committed the robbery and fired the machine gun;
>
> 5. By not filing a motion to suppress or otherwise object to Mr. Piers' highly incriminating post-arrest statement to Officer Bloodgood on the grounds that *Miranda* warnings were not given;
>
> 6. By failing to move to suppress the highly damaging post-arrest videotape statements of Mr. Piers under the doctrine of *Rhode Island v. Innis*, 446 U.S. 291 (1980);
>
> 7. By failing to move for a change of venue;

8.  By saying he would be reserving his opening statement to the jury until the end of the government's case, but then not giving one at all;

9. By failing to object at trial to the introduction of irrelevant and prejudicial evidence of imitation CIA identification documents;

10.  By failing to object to the testimony of Steven Payne, FBI computer forensics expert, that 28 compact discs of data had been taken from Mr. Piers's computer;

11.  By failing to object to irrelevant and unfairly prejudicial evidence as to the reaction of the public to the crime;

12.  By failing to object to the governments use of a mannequin to display items of evidence not found together;

13. By conducting an incompetent cross examination police officer Dan Reeder, entirely undermining an otherwise strong defense to the machine gun count;

14.  By failing to cross-examine government witness Robert Shem on whether the Norinco assault rifle, as fired, was an automatic or a semi-automatic;

15. By failing to call a single character witness to testify to Mr. Piers's good character, honesty, and history of law-abiding behavior although many such witnesses were available to so testify;

16. By failing to develop any coherent theory of defense;

17.  By failing to request a jury instruction that before the jury could convict Mr. Piers of count five —use or possession of an automatic rifle during a robbery, the jury had to find beyond a reasonable doubt that Mr. Piers knew the modified weapon operated as an automatic;

18. By conceding Mr. Piers's guilt to the conspiracy counts during closing arguments; and

19.  By failing to move for an acquittal under Rule 29 on the issue of whether there was sufficient evidence to show that Mr. Piers, rather than Raymond Hubbard, possessed and fired the Norinco assault rifle.

B.  Whether attorney Donald Marks rendered ineffective assistance at sentencing by failing to raise an error under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) with respect to the sentence imposed on counts 1 and 2.

C.  Whether attorneys Donald Marks and Fay Arfa rendered ineffective assistance on appeal

3

      1. By failing to effectively argue that Mr. Butler had an irreconcilable conflict with Mr. Piers at trial and should have been relieved from representing him;

      2. By failing to raise on appeal trial counsel Rex Butler's error in conceding Mr. Piers's guilt on the conspiracy counts; and

      3. By failing to raise the *Apprendi* issue on appeal.

D  Whether the district court violated Mr. Piers's Fifth and Sixth Amendment rights to a jury trial and to due process of law by finding enhancing facts by a preponderance of evidence, when, under *Apprendi*, those facts must be found by a jury beyond a reasonable doubt.

E.  Whether the district court violated Mr. Piers's Fifth Amendment right to due process and his Sixth Amendment right to effective assistance of counsel by not *sua sponte* appointing new counsel for Piers in place of Mr. Butler to argue Mr. Butler's motion to withdraw from the case

F.  Whether the district court in the federal habeas proceedings denied Mr. Piers due process of law under the Fifth Amendment in precluding Mr. Pier's expert, attorney Richard Ney, from testifying with respect to applicable, objective standards of reasonableness for attorney competence, and with respect to Mr. Butler's failure to meet those standards at trial in each of the ways set forth in paragraph A above, while at the same time holding that Mr. Piers had failed to present evidence at the evidentiary hearing that Rex Butler provided ineffective assistance.

G.  Whether the district court in the habeas proceedings violated due process of law under the Fifth Amendment by failing to address the claim set forth in Mr. Piers's habeas petition that Mr. Butler was ineffective because he failed to timely file the motion to withdraw even though Mr. Piers brought this omission to the district court's attention by means of a motion to reconsider.

H.  Whether the district court in the habeas proceedings denied petitioner due process of law under the Fifth Amendment by failing to address the claim set forth in Mr. Piers's habeas petition that Mr. Butler was ineffective because he failed to vigorously argue the motion to be relieved and breached his duty of loyalty to Mr. Piers even though this omission was brought to the district court's attention by means of a motion to reconsider.

I.  Whether the district court in the habeas proceedings denied the defendant due process of law under the Fifth Amendment by failing to address Mr. Piers's claim that Mr. Butler's failure to move to suppress or otherwise object to the use of Mr. Piers's post-arrest videotaped statements at the Anchorage police station constituted ineffective assistance of counsel even though this omission was brought to the court's attention by means of a motion to reconsider.

**CONCLUSION**

Mr. Piers is serving nearly a 40-year sentence. He has non-frivolous issues to be raised on appeal, set forth above, about whose merits reasonable jurists could fairly debate. Bearing in mind that the Court "must resolve doubts about the propriety of a COA in the defendant's favor," the Court should grant the motion for a COA on each of the issues set forth above.

Dated: March 5, 2007

/s/ Michael R. Levine
Michael R. Levine
Attorney for William Piers
Oregon State Bar No. 93142
400 SW Sixth Avenue, Suite 600
Portland, Oregon 97204
Phone: (503) 546-3927
Fax:   (503) 224-3203
Email: MichaelLevineESQ@aol.com