IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

```
UNITED STATES OF AMERICA,           )
                                    )
                Plaintiff,          )
                                    )
    vs.                             )
                                    )
WILLIAM EDWARD PIERS       (D-01)   )
RAYMOND LEE HUBBARD, II    (D-02)   )
    and                             )
DONALD DOUGLAS FRANKLIN, JR. (D-03) )
                                    )
                Defendants.         )
_____)
                                    )   No. 3:00-cr-0104-HRH
This Order pertains to:             )
                                    )
WILLIAM EDWARD PIERS       (D-01)   )
_____)
```

O R D E R

Certificate of Appealability

Defendant Piers appeals[1] this court's orders and judgment entered November 16 and 17, 2006, and January 25, 2007,[2] whereby this court denied defendant's motion to vacate pursuant to

---

[1]Docket No. 266.

[2]Order (denying motion to vacate) (Nov. 16, 2007), Docket No. 260; Judgment (Nov. 17, 2006), Docket No. 261; and Order (denying motion to alter judgment) (Jan. 25, 2007), Docket No. 265.

- 1 -

28 U.S.C. § 2255 and denied reconsideration of the latter. Defendant moves for a certificate of appealability.[3]

Defendant's motion to vacate raised issues falling into three categories. First, objections were raised with respect to proceedings before the assigned magistrate judge.[4] Second, two Brady issues were raised.[5] Third, defendant raised issues of ineffective assistance of counsel.[6] In connection with the latter, defendant argues that his trial counsel provided ineffective assistance, that counsel who represented him at sentencing and on direct appeal provided ineffective assistance, and that this court erred in not sua sponte appointing separate counsel for defendant in connection with trial counsel's motion to withdraw.

Returning to the first classification of issues — objections to the magistrate judge's proceedings — the magistrate judge and this court exercised their discretion to decline to consider expert testimony. Although the court believes that this decision was a proper exercise of its discretion, the court is not prepared to say that no reasonable judge could view the matter otherwise. Hence, this issue is certified for appeal.

Finally with respect to the defendant's claims of ineffective assistance of counsel, the defendant's claims have to do with:

---

[3]Docket No. 267.

[4]Order (denying motion to vacate) at 4, et seq. (Nov. 16, 2007), Docket No. 260.

[5]Id. at 7. Defendant does not seek certification for appeal as to the Brady issues.

[6]Id. at 9.

(1) trial counsel, (2) sentencing and direct appeal counsel, and (3) the court's <u>sua sponte</u> decision not to appoint substitute counsel with respect to a motion of trial counsel to withdraw. With respect to trial counsel, this court has found and concluded that trial counsel's performance was not below the standard required of him by <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Although the court strongly believes that trial counsel's representation was not ineffective, the court is not so confident of that determination as to be comfortable denying defendant the opportunity for appellate review. The court is not prepared to say that no reasonable judge could see defendant's situation differently. As to trial counsel and the claim that his assistance was ineffective, a certificate of appeal is granted.

With respect to separate counsel representing defendant at sentencing and on direct appeal, defendant's contentions of ineffective assistance of counsel are totally lacking in merit. All of defendant's <u>Apprendi</u> contentions are frivolous. No reasonable judge would accept as ineffective assistance the matters now urged as to sentencing and appeal counsel. A certificate of appealability is denied as to the claim of ineffective assistance by sentencing and appeal counsel and as to all <u>Apprendi</u> claims.

Finally, with respect to the timing of trial counsel's motion to withdraw and the court's failure to <u>sua sponte</u> appoint substitute counsel for defendant when his trial counsel moved to withdraw, a certificate of appealability is denied for the reason that the substance of this issue has already been decided by the

court of appeals on direct appeal.  See <u>United States v. Franklin</u>, 321 F.3d 1231, 1238-39 (9th Cir. 2003).

<u>Conclusion</u>

Defendant's motion for certification of appealability is granted as to the following issues set forth in the motion: Items A and F.  Defendant's motion for certificate of appealability is denied as to the following issues set forth in the motion: Items B, C, D, E, G, H, and I.

DATED at Anchorage, Alaska, this <u>6th</u> day of March, 2007.

/s/ H. Russel Holland<br>United States District Judge