Michael R. Levine
400 S.W. Sixth Avenue
Suite 600
Portland, Oregon 97204
Phone: 503-546-3927
Attorney for William Piers
E-mail: MichaelLevineesq@aol.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>vs.<br><br>WILLIAM PIERS,<br>　　　　Defendant. | CASE 3:00-cr-0104-(HRH)<br><br>SUPPLEMENTAL MOTION FOR<br>CERTIFICATE OF APPEALABILITY |

Mr. Piers has filed a notice of appeal to the Ninth Circuit from the district court's order denying his motion to vacate his convictions under 28 U.S.C. § 2255, and his motion to reconsider that denial. Mr. Piers's Opening Brief to the Ninth Circuit is currently due on January 14, 2008.

This is a supplemental motion motion for a Certificate of Appealability. The original motion for a Certificate of Appealability was filed on March 5, 2007 (Docket No. 267), and was granted in part and denied in part by the District Court on March 6, 2007 (Docket No. 268).

On November 18, 2005, Mr. Piers, through a written motion, moved Magistrate Judge John D. Roberts to recuse himself during the federal habeas proceedings, after he issued a Report and Recommendation to deny the habeas motion prematurely, i.e., before the parties had submitted post-evidentiary hearing briefings on the habeas motion. Magistrate Roberts denied the motion. Prior to the magistrate's issuance of his Final Recommendation and Report regarding Mr. Piers's habeas motion, Mr. Piers submitted

objections, including an objection to Magistrate Roberts's denial of the Motion to Recuse. On *de novo* review, the District Court held that the objection was without merit. Docket No. 260 at page 4–5. Mr. Piers now seeks to appeal to the Ninth Circuit the correctness of the magistrate's and the district court's rulings on the Motion to Recuse. Mr. Piers now requests a Certificate of Appealability on this issue. This request was not included in the original Motion for Certificate of Appealability due to counsel's oversight.

## MEMORANDUM IN SUPPORT OF MOTION

The standard for granting a COA "is relatively low." *Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)); *see Beardslee v. Brown*, 393 F.3d 899, 901–02 (2004) ("we conclude Beardslee has satisfied the relatively low standard for the issuance of a COA"). "Obviously the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor." *Barefoot v. Estelle*, 463 U.S. 660, 893 n.4 (1983). Thus, the granting of a COA "is not an adjudication of the actual merits of petitioner's claims." *Beardslee*, 393 F.3d at 901-02. Indeed, "this threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it." *Id.*

In order to obtain a COA, the petitioner must show only "that reasonable jurists could debate whether the petition should have been resolved differently or that the issues presented deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Jennings*, 290 F.3d at 1010. Importantly, "a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, the petition will not prevail." *Smith v. Dretke*, 422

F.3d 269, 273 (5th Cir. 2005). The court "must resolve doubts about the propriety of a COA in the petitioner's favor." *Jennings*, 290 F.3d at 1010.

Based on the foregoing, the records in this case, and the evidentiary hearing, the defendant requests a COA on the issue of whether the district court, the Honorable Magistrate Judge John D. Roberts, erred in denying Mr. Piers's motion to recuse himself during the federal habeas proceedings, after Judge Roberts issued a Report and Recommendation to deny the habeas motion prematurely, i.e., before the parties had submitted post-evidentiary hearing briefings on the habeas motion.

Mr. Piers is serving nearly a 40-year sentence. The issue in the instant motion is non-frivolous, and one in which reasonable jurists could fairly debate the merits. Bearing in mind that the Court "must resolve doubts about the propriety of a COA in the defendant's favor," the Court should grant this supplemental motion for a COA.

Dated: December 7, 2007

/s/ Michael R. Levine
Michael R. Levine
Attorney for William Piers
Oregon State Bar No. 93142
400 SW Sixth Avenue, Suite 600
Portland, Oregon 97204
Phone: (503) 546-3927
Fax:    (503) 224-3203
Email: MichaelLevineESQ@aol.com