# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

WILLIAM PIERS,

        Defendant.

Case No. 3:00-cr-00104-SLG

## ORDER RE SECTION 2255 PETITION

Before the Court is Defendant William Piers's Motion to Vacate, Set Aside or Correct Convictions and Sentence Pursuant to 28 U.S.C. § 2255, filed on February 23, 2017 at Docket 293.[1] The Government responded at Docket 309; Mr. Piers's reply was filed thereafter at Docket 310. Oral argument was not requested and was not necessary to the Court's determination.

## BACKGROUND

On February 12, 2001, Mr. Piers was convicted by a trial jury of conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371, armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d), conspiracy to commit a violation of 18 U.S.C. § 924(c)(1)(A) in violation of 18 U.S.C. § 924(o), carrying a semi-automatic assault weapon during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A) and

---

[1] On June 27, 2017, after counsel was appointed, Mr. Piers filed an amended motion under § 2255 at Docket 306.

(B)(ii), and possessing a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k). On August 9, 2001, Mr. Piers was sentenced to 468 months' incarceration.[2]

Mr. Piers filed an appeal in which he argued that the trial court's denial of his request for new trial counsel violated his Sixth Amendment rights.[3] The Ninth Circuit affirmed Mr. Piers's convictions, with the exception of Count IV.[4] On September 29, 2004, Mr. Piers filed a timely motion to vacate his sentence and convictions under § 2255, which was denied on October 21, 2005.[5] Mr. Piers appealed to the Ninth Circuit, which affirmed the district court on February 12, 2009.[6]

On June 22, 2016, Mr. Piers submitted an Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255.[7] The Ninth Circuit initially rejected the application on July 8, 2016.[8] However, on February 23, 2017, the Ninth Circuit found that Mr. Piers's application "makes a prima facie showing for relief under *Johnson v. United States*, 135 S.Ct. 2551 (2015)" and granted the application.[9] Accordingly, Mr. Piers's June 2016 motion was then deemed filed.

---

[2] Docket 306 (Am. Motion) at 3; Docket 146 (Minutes); Docket 147 (Judgment).

[3] *See United States v. Franklin*, 321 F.3d 1231, 1241 (9th Cir. 2003).

[4] *See United States v. Franklin*, 321 F.3d 1231, 1241 (9th Cir. 2003). The Ninth Circuit held that the district court should have consolidated Counts IV and V, both of which were based on 18 U.S.C. § 924(c). The Court vacated Count IV and "remanded for resentencing with instructions to consolidate Counts IV and V, impose the mandatory minimum 360-month sentence on Count V, and reenter judgment." *Id.*

[5] *United States v. Piers*, 2005 WL 2786079, at *21 (D. Alaska Oct. 21, 2005).

[6] *United States v. Piers*, 312 F. App'x 69, 71 (9th Cir. 2009).

[7] Docket 293.

[8] Docket 291 (Order re § 2255 Motion).

[9] Docket 292 (Second Order re § 2255 Motion).

Mr. Piers was self-represented when he initially submitted the application in June 2016. On March 9, 2017, Mr. Piers filed a Motion to Appoint Counsel.[10] On April 14, 2017, this Court granted the motion and an attorney was appointed for Mr. Piers.[11] On June 27, 2017, Mr. Piers filed an amended motion to vacate.[12]

## DISCUSSION

Mr. Piers's amended petition contends that the elements of armed bank robbery as set forth in 18 U.S.C. §§ 2113(a) and (d) do not constitute a "crime of violence" under 18 U.S.C. § 924(c)(3); therefore, his convictions under § 924(c)(1) must be vacated. The Government maintains that Mr. Piers's petition is procedurally defaulted and if the Court reaches the merits of the petition it should be denied.

1. Procedural Default

The Government first argues that Mr. Piers's petition is procedurally defaulted.[13] 28 U.S.C. § 2255(f) establishes a one-year period of limitations on motions to vacate convictions and sentence. However, § 2255(f)(3) provides for a 1-year limitations period that begins on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]"[14] Although Mr. Piers's motion

---

[10] Docket 295 (Motion to Appoint Counsel).

[11] Docket 297 (Order Granting Motion).

[12] Docket 306.

[13] Docket 309 at 5.

[14] The case upon which Mr. Piers bases his petition, *Johnson v. United States* (*Johnson II*), 135 S.Ct. 2551, 2557 (2015), was issued on June 26, 2015. Mr. Piers filed his original petition on

was brought more than a decade after his 2001 conviction, he argues that he "can establish cause and prejudice to excuse any purported procedural default."[15] Mr. Piers maintains that because his motion is based on *Johnson II*, the argument he makes was not "reasonably available" to him until *Johnson II* was decided in 2015.[16] The Supreme Court has held that "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim in accordance with applicable state procedures."[17]

The Government maintains that Mr. Piers's § 2255 motion is procedurally defaulted because "this claim was available to him at the time of his trial, his initial appeal, and his first § 2255 motion [and he] failed to raise any objection concerning this issue until now."[18] The Government asserts that armed bank robbery under 18 U.S.C. §§ 2113(a) and (d) is categorically a crime of violence under the "force clause" of 18 U.S.C. § 924(c)(3)(A).[19] Therefore, *Johnson II*'s holding under the residual clause is inapplicable.

In *Johnson II*, the Supreme Court held that the "residual clause" of the Armed

---

June 22, 2016, within one year of *Johnson II*.

[15] Docket 310 at 7.

[16] Docket 310 at 8 (citing *Reed v. Ross*, 468 U.S. 1, 15 (1984)). In *Welch v. United States*, the Supreme Court "declared that *Johnson II* was a substantive decision with retroactive effect in cases on collateral review." *United States v. Jones*, 2017 WL 6395827, at *1 (9th Cir. Dec. 15, 2017) (citing *Welch v. United States*, 136 S.Ct. 1257, 1265 (2016)). Thus, Mr. Piers asserts that *Johnson II* retroactively applies to his case. Docket 306 at 5.

[17] *Reed v. Ross*, 468 U.S. 1, 15 (1984)).

[18] Docket 309 at 5.

[19] At the time of Mr. Piers's sentencing, as now,18 U.S.C. § 924(c)(3)(A) provided that a "crime of violence" is a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]" All additional statutes cited represent the versions in effect at the time of Mr. Piers's sentencing.

Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), which defined a "violent felony" as a felony that "involves conduct that presents a serious potential risk of physical injury to another," to be unconstitutionally vague.[20] Mr. Piers likens the residual clause of § 924(e)(2)(B)(ii) to that of § 924(c)(3)(B), which defines a crime of violence as an offense that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." He argues that "[b]ecause it is interpreted identically to the ACCA residual clause, the holding of *Johnson II* applies with equal force to the residual clause of 18 U.S.C. § 924(c)."[21]

Mr. Piers also argues that armed bank robbery does not qualify as a crime of violence under the "force clause" of § 924(c)(3)(A). Therefore, he maintains that he is entitled to relief because armed bank robbery could only qualify as a crime of violence under the type of residual clause that *Johnson II* invalidated. However, Mr. Piers does not demonstrate why his argument regarding the force clause could not have been raised earlier. He asserts that federal armed bank robbery does not meet the standard set out in *Johnson v. United States* (*Johnson I*), which "interpreted [the force clause of] 18 U.S.C. § 924(e)(2)(B)(i) to require violent force."[22] However, *Johnson I* was issued in 2010—several years before Mr. Piers filed this renewed motion—and therefore Mr. Piers cannot persuasively assert that his force clause argument was not reasonably available to him until now.[23]

---

[20] *Johnson II*, 135 S.Ct. at 2557.

[21] Docket 306 at 6.

[22] 559 U.S. 133, 143 (2010).

[23] Mr. Piers also asserts in his Reply that he "can avail himself of the 'actual innocence' exception to the procedural default doctrine." Docket 310 at 7. However, Mr. Piers's claim of innocence

For the foregoing reasons, the Court finds that the Government has made a persuasive showing that Mr. Piers's claim under the force clause has been procedurally defaulted.

2. Armed Bank Robbery is a Crime of Violence Under § 924(c)(3)(A)

Even if Mr. Piers's claim is not procedurally defaulted, he is not entitled to relief because controlling Ninth Circuit case law has established that armed bank robbery is categorically a crime of violence under the "force clause" of 18 U.S.C. § 924(c)(3). Under 18 U.S.C. § 924(c)(1)(A), a defendant is subject to an enhanced sentence of imprisonment if he, "during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm[.]"[24] Section 924(c)(3)(A), the "force clause," defines a "crime of violence" to include a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."

As set forth in 18 U.S.C. § 2113(a), bank robbery includes the following:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another . . . any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association . . . . Shall be fined under this title or imprisoned not more than twenty years; or both.

---

depends entirely on his unpersuasive assertion that armed bank robbery is not a crime of violence. Because he has not provided "new evidence of innocence," his claim of actual innocence is unavailing. *See Schlup v. Delo*, 513 U.S. 298, 316 (1995).

[24] § 924(c)(1)(A)(i) provides that a defendant in violation of the provision will "be sentenced to a term of imprisonment of not less than five years." Under §924(c)(1)(A)(ii), the term of imprisonment is "not less than 7 years" if "the firearm is brandished." § 924(c)(1)(B)(ii) provides that "[i]f the firearm possessed by a person convicted of a violation of this subsection . . . is a machinegun or a destructive device, or is equipped with a firearm silencer or firearm muffler, the person shall be sentenced to a term of imprisonment of not less than 30 years."

Armed bank robbery falls under subsection (d) of § 2113, which provides: "Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both."

In *United States v. Wright*, the Ninth Circuit unequivocally held that armed bank robbery under 18 U.S.C. § 2113(a) and (d) constitutes a crime of violence under 18 U.S.C. § 924(c)(3).[25] The Circuit Court held "[a]rmed bank robbery qualifies as a crime of violence because one of the elements of the offense is a taking 'by force and violence, or by intimidation,'" citing § 2113(a).[26] This conclusion is not directly called into question in *Johnson I* or *Johnson II*, neither of which interpreted § 924(c)(3)(A). Nevertheless, Mr. Piers argues that "the Supreme Court decisions in *Johnson I* and *Johnson II* and the intervening authority in the Ninth Circuit and elsewhere have demonstrated that the

---

[25] 215 F.3d 1020, 1028 (9th Cir. 2000).

[26] *United States v. Wright*, 215 F.3d 1020, 1028 (9th Cir. 2000).
See also *United States v. Selfa*, 918 F.2d 749 (9th Cir. 1990). In *Selfa*, the Ninth Circuit held that "persons convicted of robbing a bank 'by force and violence' or 'intimidation' under 18 U.S.C. § 2113(a) have been convicted of a 'crime of violence' within the meaning of Guideline Section 4B1.1." *Id.* at 751. The applicable definition of a crime of violence for purposes of § 4B1.1 is a felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another[.]"
The Ninth Circuit recently reaffirmed *Selfa,* and held that "federal bank robbery is a crime of violence," reasoning that "[b]ank robbery by intimidation thus requires at least an implicit threat to use the type of violent physical force necessary to meet the *Johnson* standard." *See United States v. Gutierrez*, __ F.3d __, 2017 WL 6327835, at *2 (9th Cir. Dec. 12, 2017).
Another recent Ninth Circuit opinion held that an Arizona attempted armed robbery conviction did not fall within the "force clause" under the ACCA because the Court found that that particular state statute, (unlike the one at issue here), punished conduct that did not involve violent force. *United States v. Molinar*, 876 F.3d 953 (9th Cir. 2017).

Case No. 3:00-cr-00104-SLG, *United States v. Piers*
Order re § 2255 Petition
Page 7 of 11

analysis in *Selfa* and *Wright* is no longer valid."[27]

This Court is bound by Ninth Circuit precedent.[28] And yet, in *Miller v. Gammie*, the Ninth Circuit recognized an exception to this rule "where the reasoning or theory of [] prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority[.]"[29] This is a "high standard"[30] met when the prior precedent has been "effectively overruled" by the intervening higher authority, although "the issues decided by the higher court need not be identical in order to be controlling."[31] "For [a court] to hold that an intervening Supreme Court decision has 'effectively overruled' circuit precedent, the intervening decision must do more than simply 'cast doubt' on our precedent. Rather, it must 'undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable.'"[32]

Here, Mr. Piers has not shown that the Circuit's holding of *Wright* is "clearly irreconcilable" with or has been "effectively overruled" by *Johnson I* and *Johnson II*. Neither of the *Johnson* decisions involved armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d), the statutes at issue both in this case and in *Wright*. In *Johnson I*,

---

[27] Docket 306 at 15.

[28] *Hart v. Massanari*, 266 F.3d 1155, 1175 (9th Cir. 2001) ("A district court bound by circuit authority . . . has no choice but to follow it, even if convinced that such authority was wrongly decided.").

[29] *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003); *see Lair v. Bullock*, 697 F.3d 1200, 1206 (9th Cir. 2012) (holding *Gammie* "made it clear that this standard applies not only to three-judge panels but also to district courts within this circuit") (citing *Gammie*, 335 F.3d at 899).

[30] *United States v. Robertson*, 875 F.3d 1281, 1291 (9th Cir. 2017).

[31] *Gammie*, 335 F.3d at 893, 900.

[32] *See United States v. Delgado-Ramos*, 635 F.3d 1237, 1239 (9th Cir. 2011) (quoting *Gammie*, 335 F.3d at 900.

the Supreme Court held that the defendant's conviction for simple battery under Florida law did not qualify as a "violent felony" under the ACCA's force clause.[33] In *Johnson II*, the Supreme Court concluded that the residual clause in the ACCA was unconstitutionally vague.[34]

Neither *Johnson* case is clearly irreconcilable with *Wright*'s holding, despite some overlapping language in the different provisions at issue. *Wright* and its progeny direct the Court to recognize federal armed bank robbery as a crime of violence under § 924(c)(3)(A).

Mr. Piers argues that the Government has relied "almost exclusively" on pre-*Johnson II* authority, but recent Circuit authority reiterates that federal armed bank robbery is a crime of violence under § 924(c)(3).[35] In *United States v. Pritchard*, an unpublished 2017 case, the Circuit observed that "[w]e have twice held that armed bank robbery in violation of 2113(a) qualifies as a crime of violence." After then citing both *Wright and Selfa*, the Circuit then found that "Pritchard fails to show that any intervening authority is 'clearly irreconcilable with' or have overruled these authorities."[36] The Ninth

---

[33] *Johnson I*, 559 U.S. 133, 145 (2010). In *Johnson I*, the defendant asserted that his conviction for battery under Florida law was not a "violent felony" under 18 U.S.C. § 924(e)(2)(B)'s residual clause. *Johnson I*, 559 U.S. at 138. Because an individual could violate the state statute by "mere unwanted touching," the Supreme Court held that the statute did not require the use of "strong physical force" sufficient to be considered a crime of violence. *Id.* at 140–142. While the Supreme Court's decision discussed broader issues related to crimes of violence, the precise scope of *Johnson I's* actual holding did not effectively overrule *Wright*.

[34] *Johnson II*, 135 S.Ct. 2551, 2557 (2015). There, the Supreme Court invalidated the residual clause of 18 U.S.C. § 924(e)(2)(B); that provision is not at issue in the instant case, nor was it at issue in *Wright*. Accordingly, *Johnson II* is not "clearly irreconcilable" with *Wright*.

[35] Docket 310 at 11.

[36] *United States v. Pritchard*, 692 F. App'x 349, 351 (9th Cir. 2017), *cert. denied sub nom. Johnson v. United States*, __ U.S. __, 2017 WL 4269844 (Oct. 30, 2017)).

Circuit noted that "the requirement of 'violent force' under *Johnson v. United States* . . . is not inconsistent with our clear statement that the element of 'intimidation' is 'sufficient to meet the . . . requirement of a threatened use of physical force'" under § 924(c)(3).[37] In *United States v. Jordan*, another unpublished decision, the Ninth Circuit held, "Under our current case law, § 2113(a) bank robbery categorically qualifies as a 'crime of violence' under § 924(c)(3)(A)."[38] And in a recent opinion, *United States v. Gutierrez*, the Ninth Circuit once again recognized that "federal bank robbery constitutes a crime of violence" under § 924(c)(3).[39] The court noted that "[b]ank robbery by intimidation thus requires at least an implicit threat to use the type of violent physical force necessary to meet the *Johnson* standard."[40] Several recent district court cases in the Ninth Circuit have also held that armed robbery is a crime of violence under §924(c)(3)(A).[41]

Mr. Piers cites numerous cases that have considered the applicability of *Johnson I* and *Johnson II* to other crimes, but not cases that address whether armed bank robbery in violation of § 2113(a) is a crime of violence under § 924(c)(3).[42] But Mr. Piers has not

---

[37] *Id.*

[38] *United States v. Jordan*, 680 F. App'x 634, 635 (9th Cir. 2017), *cert. denied*, 138 S.Ct. 160 (2017).

[39] *United States v. Gutierrez*, 2017 WL 6327835, at *2 (9th Cir. Dec. 12, 2017) (holding carjacking is crime of violence under § 924(c)(1)(A)).

[40] *Id.*

[41] *See, e.g., United States v. Ramirez*, 2017 WL 4038338, at *2 (E.D. Cal. Sept. 13, 2017)); *United States v. Scott*, 2017 WL 3783271, at *3 (E.D. Cal. Aug. 31, 2017).

[42] *See* Docket 306 at 10–14 (citing *United States v. Torres-Miguel*, 701 F.3d 165 (4th Cir. 2012); *United States v. Martinez-Flores*, 720 F.3d 293, 299 (5th Cir. 2013)). On December 14, 2017, at Docket 311, Mr. Piers filed supplemental briefing discussing the recently decided Tenth Circuit case of *United States v. O'Connor*, 874 F.3d 1147 (10th Cir. 2017). In *O'Connor,* the Tenth Circuit applied the categorical approach and concluded that a Hobbs Act robbery is not a crime of violence under U.S.S.G. § 4B1.2(a)(1). The court held that the defendant did not need to

demonstrated that the Ninth Circuit's decision in *Wright* has been effectively overruled.[43] Accordingly, the Court finds federal armed bank robbery remains a crime of violence under § 924(c)(3)(A).[44]

## CONCLUSION

In light of the foregoing, IT IS ORDERED that Defendant William Piers's Motion to Vacate at Docket 293 is DENIED.

However, because it appears that the Ninth Circuit has issued Certificates of Appealability on this topic in similar cases, the Court will grant a Certificate of Appealability on the issue of whether armed bank robbery in violation of 18 U.S.C. §§ 2113 (a) and (d) is a crime of violence under the force clause of § 924(c)(3).[45]

DATED this 22nd day of December, 2017 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

demonstrate a "realistic probability" that the government has or would prosecute threats to property as a Hobbs Act robbery. *Id.* at 1154. In light of the aforementioned Ninth Circuit authority holding that federal armed bank robbery is a crime of violence, the *O'Connor* decision does not require this Court to reach a different result.

[43] *See* Docket 306 at 15. Mr. Piers also identifies several cases currently pending before the Ninth Circuit that involve the issue of whether bank robbery or armed bank robbery constitute a crime of violence. *See* Docket 306 at 11 n. 4 (citing *United States v. Cantu*, No. 17-55063; *United States v. Williams*, No. 16-36011; *United States v. Watson*, No. 16-15357; *United States v. De La Torre*, No. 16-56730*; United States v. Hughes*, No. 17-55734). At this juncture, none of these cases have been decided by the Ninth Circuit.

[44] Based on the foregoing, this Court does not reach Mr. Piers's alternative substantive argument, which is that § 924(c)(3)(B) (the residual clause) is unconstitutionally vague. *See* Docket 306 at 4–7.

[45] *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a certificate of appealability may be granted if the applicant has made "a substantial showing of the denial of a constitutional right," i.e., a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (internal quotation marks and citations omitted)).